WRIGHT, J.
We are satisfied upon the evidence that the convey•anees and assignments 'were made without consideration, in order to deprive the complainant, the wife of one of the defendants, and the stepmother of the other, of her subsistence; and not made in good faith or by way of advancement to the son, as claimed by him. These parties were married in 1823; within two years it became matter of notoriety that they quarrelled, though they still lived together. John had been advanced a quarter-section of land — the •transfer of these securities was in 1826, and the deeds at a later •date, and the two embrace the entire estate of the father. The son, in 1832, conveyed back the land, having been told that he could not hold it, but declared that he would contrive some other way to get her property ! He afterwards induced his father to say that he *506 owed him for services after he was of age. He then made affidavit that his father was indebted to him in $1,900, and was an absconding debtor, though he had just returned from his residence and re.-conveyance of the land. On this he sued out an attachment— 493] *attached the same land, and so proceeded until his proceedings were dismissed. He now claims, that with these oaths disclosed as a part of the case, we are to take his denial of the fraud in the-answer as conclusive. His own oath and conduct in reference to-the attachment and the whole case, show that no confidence should be placed in the answer. The other circumstances in proof are satisfactory, that the assignment of the notes as well as the conveyance of the lots, which he acknowledged was to keep his stepmother from it, was alike fraudulent and is void.
We therefore enjoin the defendants from proceeding in any way to change the said estate and sureties; and appoint Francis LeClerq, Esq., receiver, to collect the interest of the money and the rents of the real estate, to secure the complainant the alimony which was decreed to her upon her petition for divorce, the surplus to be for the use of the defendants. But if the said defendants shall secure the alimony as is provided in the decree for that purpose, from thenceforth the injunction shall be dissolved — and order1 that defendants pay the costs.